IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDGAR W.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C 7571 |
| v. | ) | |
| | ) | Magistrate Judge |
| MARTIN O'MALLEY, | ) | Maria Valdez |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Edgar W.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 29] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 31] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

**BACKGROUND**

**I.     PROCEDURAL HISTORY**

Plaintiff's very lengthy procedural history began when he filed an application SSI benefits on January 8, 2008, alleging disability since September 21, 2007 due to back pain. The claim was denied initially, upon reconsideration, and by a May 19, 2010 decision by an Administrative Law Judge ("ALJ"), of which the Social Security Administration Appeals Council denied review. He timely appealed the decision to the United States District Court, and on May 11, 2012, the Magistrate Judge then presiding remanded the matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 406(g), to allow the Appeals Council to consider new evidence. After considering the new evidence, the Appeals Council denied Plaintiff's request for review on March 20, 2013, making the decision reviewable by the District Court. Following Plaintiff's appeal of this decision, the Magistrate Judge again remanded the case, this time pursuant to sentence four.

While the original claim was pending, Plaintiff filed a new application for SSI benefits, which was denied initially, upon reconsideration, and in a March 24, 2014 ALJ decision. Plaintiff appealed this denial to the District Court, and on December 22, 2015, the matter was remanded following the Commissioner's unopposed motion for reversal with remand for further administrative proceedings pursuant to the sentence six of 42 U.S.C. § 405(g). This claim was consolidated with an earlier claim for a new hearing and decision.

2

That hearing was held on August 14, 2017, and the ALJ issued a decision finding Plaintiff not disabled. The Appeals Council declined to adopt the recommended decision and remanded the case for yet another hearing and decision. The fourth hearing was held on October 1, 2019, and the ALJ concluded that Plaintiff was disabled beginning on April 10, 2019 but not at any time between that date and January 8, 2008.

The Appeals Council remanded the matter once more for a new hearing and determination about the period before April 10, 2019. The fifth and final hearing was held on September 21, 2021. On November 9, 2021, the ALJ again found Plaintiff not disabled prior to April 10, 2019, and this time the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.   ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his application date of January 8, 2008. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease, lumbar spine; chronic kidney disease; hypertension; obesity; and depression. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four,

3

the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: occasionally lifting ten pounds; frequently lifting and/or carrying less than ten pounds; walking and/or standing for about two hours out of an eight-hour workday; sitting for about six hours out of an eight-hour workday with an option to sit or stand for five minutes after sixty minutes; frequently pushing and/or pulling, including operation of hand or foot controls, as restricted by lifting and postural limitations; never climbing ladders, ropes, or scaffolds; occasionally climbing ramps or stairs; never kneeling or crawling; occasionally balancing, stooping, or crouching; frequently reaching in all directions and handling or fingering; avoiding all exposure to unprotected heights; and avoiding concentrated exposure to dangerous moving machinery. Plaintiff was also limited to work that requires performance of simple routine tasks, which could be performed at a variable rate but should not be fast-paced production work such as assembly-line work or at a machine-set pace. The work could have end-of-day quotas but should not have strict production or hourly production requirements.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a maintenance. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

5

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

6

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) it failed to properly apply the treating physician rule; (2) it did not adequately assess Plaintiff's subjective complaints of pain; and (3) it included a flawed hypothetical to the vocational expert.

Plaintiff argues that the ALJ failed to follow the "treating physician rule" by not appropriately weighing the opinion of his treating physicians. An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record.[3] 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739; *see also Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) ("A contradictory opinion of a non-examining physician does not, by itself, suffice as a justification for discounting the opinion of the treating physician."); *Scrogham v. Colvin*, 765 F.3d 685, 696 (7th Cir. 2014) ("Under 20 C.F.R. § 404.1527(c)(1), an ALJ should 'give more weight to the opinion of a source

---

[3] The Social Security Administration has modified the treating-physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2008, and therefore the ALJ was required to apply the former treating physician rule.

8

who has examined [the claimant] than to the opinion of a source who has not examined [the claimant].'").

The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See* 20 C.F.R. § 404.1527(c). Even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308.

Plaintiff's treating physician Dr. Joseph Giacchino, a family physician, completed a Multiple Impairment Questionnaire on November 5, 2008, reporting that he had been treating Plaintiff four to five times a year since 2004 for lumbar osteoarthritis and disc disease with right leg weakness. Dr. Giacchino listed clinical findings of limited lumbar range of motion, bilateral spasm, and positive straight leg raise on the right side at 30 degrees, and he referred to two x-ray reports as diagnostic test results. He agreed that Plaintiff's symptoms of constant, dull, aching back pain radiating to his right leg were reasonably consistent with his impairments. Factors leading to pain were listed as physical activity, bending, lifting, and pulling. The pain was rated as 8 out of 10, and fatigue was 6 out of 10. The pain was not completely relieved through the medication Plaintiff was taking, which at the time was Vicodin and naproxen. Dr. Giacchino estimated that in an eight-hour day, Plaintiff could sit for three hours and stand/walk for two hours, and

9

it was necessary or medically recommended for Plaintiff not to sit or stand/walk continuously in a work setting; he would need to get up and move around once an hour for fifteen minutes.

Plaintiff was limited to lifting or carrying five to ten pounds occasionally and never lifting or carrying heavier weights; and he would be limited in doing repetitive reaching, handling, or lifting if there were concomitant use of the back, shoulders, or neck. Plaintiff would be markedly limited in using his arms for overhead reaching, and his condition interfered with his ability to keep his neck in a constant position. Dr. Giacchino expected Plaintiff's symptoms to increase if he were placed in a competitive work environment, his pain would constantly interfere with his attention and concentration, Plaintiff could not do a full-time competitive job that requires activity on a sustained basis, and he would likely be absent from work due to his symptoms more than three times a month. Dr. Giacchino concluded that Plaintiff was not a malingerer.

The ALJ gave Dr. Giacchino's opinion no weight because Plaintiff's "lower back pain was addressed at most eight times" before the questionnaire was completed, and the treatment notes for those appointments did not document physical examination results or specific descriptions of Plaintiff's symptoms. However, this evaluation of Dr. Giacchino's opinion failed to comply with the then-applicable regulations. *See Scrogham*, 765 F.3d at 697-98 (explaining that an ALJ must address the relevant factors "to enable us to review whether she engaged in the correct methodology").

10

First, the ALJ's superficial dismissal of Plaintiff's eight visits addressing back pain was not a thoughtful discussion of the length and nature of the treatment relationship. Second, the suggestion that Plaintiff's symptoms as reported by Dr. Giacchino are not supported by medical evidence is itself not consistent with the record. *See Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) ("A treating physician's opinion trumps the conclusions of agency consultants—in particular those who never examined the claimant—unless the limitations articulated by the treating physician are not supported by the record.").

For example, in discussing the testimony of expert Dr. Hugh Savage, who appeared at Plaintiff's 2019 hearing, the ALJ gave his opinion some weight, only criticizing it for failing to consider the effect of Plaintiff's weight on his symptoms and noting that it relied on a 2008 RFC assessment and did not reflect updated evidence of treatment or Plaintiff's testimony of his symptoms. The ALJ, however, did not discredit Dr. Savage's testimony confirming that a May 2019 MRI showed that sitting would be "sometimes excruciating" for Plaintiff. (R. 42.) The ALJ did not adequately explain why this level of pain could not have existed for any length of time before the test. Plaintiff's complaints of back pain were also confirmed by Dr. Christabella Bernardo-Cabanilla, board certified in family medicine, who saw Plaintiff twice in late 2013 for back pain and chronic kidney disease. She noted Plaintiff's tenderness in the mid-lower lumbar region, low back pain radiating to his left lower extremity, with numbness and tingling; he had no pain in the back with modified sitting straight leg raising; and he was able to bend forward and extend

11

backwards, although with some pain. She found his symptoms were reasonably consistent with his impairments and concluded he could only sit for three hours and stand/walk for three hours out of an eight-hour workday; it would be necessary or medically recommended for Plaintiff not to sit or stand/walk continuously in a work setting, needing to get up and move around for fifteen minutes every hour and a half.

Dr. Bernardo-Cabanilla concluded that Plaintiff could frequently lift or carry up to twenty pounds, occasionally lift or carry twenty to fifty pounds, and never lift over fifty pounds; he had no significant limitations in repetitive reaching, handling, or fingering; Plaintiff's symptoms would likely increase if he were placed in a competitive work environment; his condition interfered with his ability to keep his neck in a constant position; he symptoms could be expected to interfere with his attention and concentration frequently; his impairments would cause him to miss work about two to three times per month; and he could not do a full-time competitive job that requires activity on a sustained basis.

The Court does not conclude that the corroborating evidence of disabling symptoms is enough by itself to support a finding of disability, only that this evidence demonstrates that the ALJ did not adequately articulate her reasons for completely discounting the opinion of treating physician Dr. Giacchino. Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the

opinion because no error was found; indeed, on remand, the ALJ should take care to fully evaluate Plaintiff's subjective symptoms.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 29] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 31] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:     March 6, 2024**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**